UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                     CIVIL ACTION NO. 09-11727
  v.                             DISTRICT JUDGE PATRICK J. DUGGAN
                                  MAGISTRATE JUDGE VIRGINIA MORGAN

JACQUELYN BEAMON
       Defendant
and
MICHIGAN DEPARTMENT OF TREASURY,
       Garnishee Defendant
_____/

**CORRECTED[1] REPORT AND RECOMMENDATION DENYING
DEFENDANT'S OBJECTION TO GARNISHMENT (#12)**

      This is a student loan case. Defendant Jacquelyn Beamon requested a hearing on the garnishment order and objects to the garnishment on her debt ($2474.05 principal; $4746.41 interest). Defendant appears *pro se.* Oral argument was held before the magistrate judge on November 4, 2009. For the reasons discussed in this report, it is recommended that the objections be denied and the garnishment order stand.

      The order of reference is blank as to the matters referred and the applicable statutory sections as to hearing and determination or Report & Recommendation. (D/E 13) In any event, our jurisdiction (absent consent) is limited to a Report and Recommendation because this is a post-judgment matter, see 28 U.S.C. §636 (a), (b), (c). Post-judgment objections to

---

[1]The only change to this report is the correction of Judge Duggan name which is misspelled in the original Report and Recommendation.

garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters without consent under 28 U.S.C. § 636(c) and an order of reference pursuant to that section must proceed by Report and Recommendation. See, 28 U.S.C. § 636(b)(1)(b). *United States v. Storks* 2009 WL 1076302, 1 (E.D.Mich.,2009), *Massey v. City of Ferndale,* 7 F.3d 506, 510 (6th Cir.1993); *United States v. Tyson,* 265 F.Supp.2d 788, 789 (E.D.Mich.2003). Thus, resolution of the motion, even by stipulation or agreement, must be approved by the district judge.

Plaintiff seeks to garnish any income tax refund due to plaintiff from the state of Michigan. However, it appears based on defendant's statements to the court, that she is and has been unemployed and no income tax refund is due her.

**Legal Analysis**

The applicable provisions of the Debt Collection Improvement Act of 1996 allow the DOE to garnish certain of the debtor's assets without obtaining a court order. See, *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 4 (S.D.Ohio,2009) While financial hardship is a valid objection to garnishment, the debtor bears the burden of proof. 34 C.F.R. 34.14(c)(1); *Harrill v. U.S. Dept. of Educ.* 2009 WL 230126, 2 (S.D.Ohio,2009).

It should be noted that generally, debts such as student loans are not susceptible to discharge in bankruptcy. Poverty is not one of the statutory defenses available although some courts have permitted such a debt to be discharged for "undue hardship." However, that is unlikely where there is an absence of voluntary payments. Until such debt is discharged, plaintiff has an obligation to pay the debt. At oral argument and in her papers, defendant raised

several reasons why she should not be liable for or does not owe the debt. At oral argument she stated for the first time that the money was not a loan but a Pell Grant, a government benefit which does not need to be repaid. The court reviewed the documents provided by the government which clearly show a loan document, signed by her in 1984 for funds to attend beauty school in Wisconsin. Defendant also argued that the Promissory Note is invalid because the signature did not contain her middle initial. This claim is without merit. Defendant also argued that the addresses used were not hers but she was personally served at the address shown in the papers. Although defendant is correct that the garnishment order contains her incorrect social security number, the Writ of Garnishment itself does contain her correct SSN. Despite the fact that the court carefully considered all the claims, it must be noted that these are all raised too late. In June, 2009, the district judge entered a default judgment against her.[2] That default judgment has not been set aside and therefore any argument regarding the validity of the debt is not properly before the court. Defendant does not allege any of the criteria for any of the enumerated statutory exemptions.

Therefore, it is recommended that the district judge deny the objections to garnishment and uphold the plaintiff's Writ of Garnishment for any income tax refund due defendant.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as

---

[2]The clerk's entry of default and the default judgment were entered the same day, less than one month after the case was filed. Any argument addressed to the validity of the underlying debt, or the amount, would need to be addressed to the district court only after the court had agreed to set aside the default judgment. Plaintiff has not filed such a motion.

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                          S/Virginia M. Morgan
                                          Virginia M. Morgan
                                          United States Magistrate Judge

Dated: November 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and Jacquelyn Beamon via the Court's ECF System and/or U. S. Mail on November 18, 2009.

                                          s/Jane Johnson
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan